IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RUENRUDEE ROWE DIQUOLLO,

      Appellant,

 v.                              Case No.  5D17-721

TD BANK, N.A., SUCCESSOR IN
INTEREST TO RIVERSIDE NATIONAL
BANK OF FLORIDA, LAUNCH FEDERAL
CREDIT UNION AND DAVID DIQUOLLO,

      Appellees.

_____/

Opinion filed August 11, 2017

Non-Final Appeal from the Circuit Court
for Brevard County,
George W. Maxwell III, Judge.

Nicholas A. Vidoni, of Watson, Soileau,
DeLeo & Burgett, P.A., Cocoa, for
Appellant.

Marc B. Cohen, of Greenspoon Marder,
P.A., West Palm Beach, for Appellee, TD
Bank, N.A., Successor in Interest to
Riverside National Bank of Florida.

No Appearance for Other Appellees.

PER CURIAM.

The trial court rendered a default final judgment in this matter on January 11, 2016,

but Appellant, Ruenrudee Rowe Diquollo, did not receive a copy of the judgment until

after the appeal time had run. This occurred because Appellee, TD Bank, N.A., furnished the trial court with an erroneous address for Appellant. After Appellant became aware of the entry of the judgment, on September 23, 2016, she filed a motion to vacate pursuant to Florida Rule of Civil Procedure 1.540(b). The trial court denied the motion without a hearing.

Florida Rule of Civil Procedure 1.080(a) requires that all orders and documents filed in an action be served in conformity with Florida Rule of Judicial Administration 2.516. That rule provides that when a final judgment is entered against a party in default, the court must mail a conformed copy of it to the defaulting party at the address furnished by the party in whose favor the judgment is entered. See Fla. R. Jud. Admin. 2.516(h)(2).

We reverse the trial court's order denying Appellant's motion to vacate under rule 1.540(b) and direct the trial court to enter a new final judgment. See Broward Cty. v. Eller Drive Ltd. P'ship, 873 So. 2d 534 (Fla. 4th DCA 2004). We find no merit in Appellant's remaining claim.

AFFIRMED in part; REVERSED in part; and REMANDED.

ORFINGER, TORPY and EISNAUGLE, JJ., concur.